IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDGARDO MALDONADO-ARCE,<br><br>    Plaintiff<br><br>    v.<br><br>MR. COX,<br><br>    Defendants. | **Civil No. 25-1528 (GMM)** |

**OPINION AND ORDER**

On October 1, 2025, Edgardo Maldonado-Arce ("Plaintiff"), proceeding *pro se*, filed a *Complaint* against Mr. Cox of the Special Investigation Unit of Erie County Department of Social Services of Buffalo, New York ("Defendant"). Plaintiff has also filed an *Application to Proceed in District Court Without Prepaying Fees or Costs* (Docket No. 1), which is hereby granted.

For the reasons explained below, the Court finds that the present *Complaint* must be, and is hereby, **DISMISSED** without prejudice.

I.    **BACKGROUND**

Plaintiff is a resident of San Juan, Puerto Rico. (Docket No. 2 at 1). Plaintiff alleges that he is subject to "persecution from (Buffalo) New York State" by way of Mr. Cox, an individual who works for the Special Investigation Unit within the Erie County Social Services Department in Buffalo. (Id. at 3-4). Plaintiff alleges he owed $1,710.13 to the City of Buffalo for

Civil No. 25-1528 (GMM)
Page -2-

debt "related to a gas bill from approximately 2008-2010". (Docket No. 2-3 at 4, 6). Plaintiff asserts that he traveled to Buffalo and paid this debt in full. (Id. at 4). He alleges the City of Buffalo subsequently approved a $35,000 loan that he used to purchase his current home in Puerto Rico. (Id.).

Since then, Plaintiff purports that Erie County Department of Social Services has continued to try and collect on this debt. (Id. at 6). Plaintiff alleges that the debt has been "disputed, resolved, and officially closed by the gas company and the Better Business Bureau (BBB)." (Id.).

As a result, Plaintiff asserts he suffered damages to his "reputation = credit score," his criminal record, and "persecution by Buffalo, New York state law enforcement for the last 25 years almost." (Docket No. 2 at 4). Plaintiff requests relief in the amount of $10,000,000. (Id.).

Five Exhibits are attached to the *Complaint*. First, Plaintiff attaches a billing statement dated April 20, 2025 in the amount of $1,710.13 issued to him by Erie County Department of Social Services that he alleges demonstrates "evidence of a good credit score" (Docket No. 2-3 at 2-3). Second, Plaintiff submits a response from NCO Financial Systems, Inc. dated February 24, 2010 regarding an inquiry into a past due account with creditor National Fuel Gas-Distribution, alerting Plaintiff that the account is closed. (Id. at 4). Plaintiff appends this

```
Civil No. 25-1528 (GMM)
Page -3-
```

response an explanation that this Exhibit is evidence that he corrected his "credit problem" before receiving his home loan. (Id.). Third, Plaintiff attaches a bank statement in Spanish from Banco Popular dated May 16, 2025 regarding his mortgage payments along with a receipt dated May 28, 2025 for mortgage payment in the amount of $216.89. (Id. at 5). At the bottom of the document, Plaintiff describes this Exhibit as "[his] evidence for the last 14 years almost that [he has] a good credit score and [he] paid always on time." (Id.). Fourth, Plaintiff's last exhibit consists of a portion of a letter dated June 9, 2025 addressed to a "Ms. Cox" of the Special Investigations Unit of Erie County Department of Social Services in which Plaintiff demands that Ms. Cox "cease and desist from any further attempts to collect an alleged debt related to a gas bill." (Id. at 6) (emphasis omitted). The letter references an "enclosed document" from the BBB that allegedly proves the debt has been closed, but this document has not been submitted to this Court. (Id.) (emphasis omitted). Lastly, Plaintiff includes a picture of himself superimposed in front of an image of a burning Twin Towers, entitled, in Spanish, "September 11, 2001 and the North American Justice System," beside images of the flags of the United States and of Puerto Rico and a cross. (Docket No. 2-6).

## II.  <u>LEGAL STANDARD</u>

For a federal district court to have subject-matter jurisdiction over a case, there must be a federal question for the Court to answer or complete diversity amongst defendants and an amount in controversy that patently exceeds $75,000. 28 U.S.C. § 1331, 1332.

A federal district court has the authority to dismiss a claim for lack of subject-matter jurisdiction if the claim is frivolous, or "so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy." <u>Steel Co. v. Citizens for a Better Env't.</u>, 523 U.S. 83, 89 (1998). A "frivolous" action is one that "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). Claims are factually frivolous when they describe "fantastic or delusional scenarios." <u>Id.</u> at 327–28; *see also* <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

To state a valid claim under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff must do more than make conclusory statements. *See* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Conversely, a plaintiff fails to state a claim when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

As plaintiff is proceeding *pro se*, his pleadings must be liberally construed. Hughes v. Rowe, 449 U.S. 5, 9 (1980). This principle acknowledges the reality that, "[p]resumably unskilled in the law, the *pro se* litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation and internal quotation marks omitted). Hence, the Court is mindful of the special leniency extended to a *pro se* litigant. O'Connor v. Yezukevicz, 589 F.2d 16, 18 (1st Cir. 1978) (*quoting* Haines v. Kerner, 404 U.S. 519 (1972)). A *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520. Even so, a complaint nevertheless must contain "basic facts sufficient to state a claim." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

A court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) if it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Landrau v. Solis Betancourt, 554 F. Supp. 2d 102, 114 (D.P.R. 2007)(citations omitted); *see also* Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (noting that *sua sponte* dismissals shall be upheld when "the allegations contained in the complaint, taken in the light most favorable to the

plaintiff, are patently meritless and beyond all hope of redemption").

### III. ANALYSIS

The *Complaint* fails to satisfy Rule 8(a) and must be dismissed accordingly.

First, the Complaint lacks "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). At no point in the *Complaint* does Plaintiff allege any particularized facts to support any purported violation of Plaintiff's rights by Defendant. No details as to the time, place, and date, at least in a general fashion, of any alleged persecutory actions by Defendant are mentioned. Although Plaintiff selected the "Federal Question" as a basis for jurisdiction in the Complaint Form, no reference to any statute was included and the Court cannot discern from the facts included what the claim is about. Even if the Court assumed this is a civil rights claim, "in a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . . [,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). Notably, Plaintiff

only includes documents demonstrating outstanding bills, bill payments, inquiries into credit history, and a letter requesting bill collection cease – none of which provide a basis for this Court to assess if a federal question is implicated or if a sufficient amount in controversy exists.

Second, as noted above, Plaintiff's *Complaint* is not coherent. The *Complaint* also lacks "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests,' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)), and afford the defendants "a meaningful opportunity to mount a defense" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quotation marks omitted). In the instant case, Plaintiff provides no details as to what particular actions Defendant took that led to an alleged "persecution" and damage to Plaintiff's reputation that warrants relief. He merely makes a claim that he is entitled to damages and alleges that "[t]his is a 100% malicious prosecution," and fails to set forth the basis of any claim against the named Defendant. (Docket No. 2 at 4).

Where, as here, "'the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

**Civil No. 25-1528 (GMM)**
**Page -8-**

any, is well disguised,'" dismissal is warranted. Riddick v. Bos. Hous. Auth., No. 22-1557, 2023 WL 7806973, at *1 (1st Cir. June 20, 2023), *cert. denied*, 144 S. Ct. 599 (2024) (citations omitted).

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. However, when a party is proceeding pursuant to § 1915, "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324.

In light of the above, even recognizing Plaintiff's *pro se* status and affording the corresponding leniency to his filing, given that Plaintiff has not alleged an actionable federal claim, dismissal is warranted.

## IV. CONCLUSION

In view of the foregoing, the case is **DISMISSED** without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, October 6, 2025.

s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
United States District Judge
